UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

Dequan Li, *on behalf of himself and others similarly situated*,

              Plaintiff,

  - against -

NY Capri Nails & Spa Inc, *et al.*,

              Defendants.

------------------------------------X

**ORDER ADOPTING REPORT AND RECOMENDATION**

No. 20-cv-6296 (KAM) (ST)

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Dequan Li commenced this action against Defendants Capri Nails & Eco Spa Inc., NY Capri Nails & Spa Inc ("Capri"), Sungjun An, Heekyoung An, and Jaewoo Kim, alleging various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  (ECF No. 8, Am. Compl.)  Li accepted an offer of judgment from Capri Nails & Eco Spa Inc. and Kim, (ECF No. 31), thus leaving Capri and the Ans the sole remaining defendants.

    Li has moved to certify a class of allegedly similarly situated plaintiffs with respect to his NYLL claims in accordance with Federal Rule of Civil Procedure 23.[1]  (ECF

---

[1] The parties stipulated to conditionally certify a collective action with respect to Li's FLSA claims in accordance with 29 U.S.C. § 216(b).  (ECF No. 19.)  The opt-in period for the collective action ended on November 19, 2021, (*see* ECF No. 24), and no other employees have opted in.

No. 68, Notice Mot. Class Certification.)  The Court referred the motion to Magistrate Judge Tiscione for a Report and Recommendation.  (Order Referring Mot., Oct. 5, 2023.)  On January 17, 2024, Magistrate Judge Tiscione issued a thorough and well-reasoned Report and Recommendation to deny Li's motion in its entirety.  (ECF No. 74, R&R, at 25.)  Specifically, Magistrate Judge Tiscione concluded that a class could not be certified due to a lack of commonality, typicality, adequacy, and predominance.  (*Id.* at 11–23.)  The Report and Recommendation notified Li of his right to file written objections within fourteen days from service via ECF and that failure to file timely objections would operate as a waiver of such objections in this Court and on appeal.  (*Id.* at 25.)  The deadline to object has expired, and Li has not filed any objections.

In reviewing a report and recommendation, the district court may accept, reject, or modify its findings and recommendations in whole or in part.  28 U.S.C. § 636(b)(1)(C).  If no timely objection is filed, the district court "need only satisfy itself that there is no clear error on the face of the record."  *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (quoting *Minto v. Molloy Coll.*, No. 16-cv-276 (KAM), 2021 WL 804386, at *1 (E.D.N.Y. Mar. 3, 20210)).

After a careful review of the record and Magistrate Judge's

2

Tiscione's thorough, well-reasoned Report and Recommendation, the Court finds no clear error and thus affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court. *See* 28 U.S.C. § 636(b)(1). Specifically, the Court agrees that Li failed to meet his evidentiary burden to establish the four prerequisites to class certification under Rule 23(a). For example, Li failed to establish commonality because he failed to offer sufficient evidence of Capri's wage practices regarding employees other than himself and failed to rebut Capri's evidence regarding the variation in other employees' pay and tips. (R&R at 13-16.) Moreover, the evidence suggests Li's claims are atypical of the proposed class's claims because his job materially differed from that of most of Capri's other employees with respect to wages and hours. (*Id.* at 17-19.) The Court also agrees that because Li failed to establish the existence of common questions capable of generating class-wide answers, he necessarily failed to establish that such questions predominate over individual questions under Rule 23(b). (*Id.* at 21-23.)

Accordingly, for the reasons set forth above and based on the factual findings and legal conclusions set forth in the Report and Recommendation and adopted in this Order, Li's motion for class certification is respectfully denied. The parties shall file a joint letter on the docket by February 8, 2024,

3

stating how they plan to proceed in light of this Order.

**SO ORDERED.**

Dated:     February 1, 2024
           Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York